SHERRY-NETHERLAND CORPORATION, Landlord, Appellant, *v.* LEON MANDEL, Tenant, Respondent.

Supreme Court, Appellate Term, First Department, February 17, 1944.

*Herman Jervis* for appellant.

*John Scully, Jr.,* for respondent.

*Maurice R. Whitebook, amicus curiæ,* for Chester W. Bowles, as Administrator of Office of Price Administration.

OPINION *Per Curiam.* It is a well-recognized canon of construction that courts may take judicial notice of the interpretation of the provisions of a statute or of the regulations of an administrative agency given by officers charged with enforcement thereof. (*Bullock* v. *Cooley,* 225 N. Y. 566; *Martorano* v. *Capital Finance Corp.,* 289 N. Y. 21.)

The construction required here is of the phrase " a room * * * regularly offered for rent during the thirty days ending on March 1, 1943," et cetera, as used in subdivisions (a) and (b) of section 4 of the Rent Regulation for Hotels and Rooming Houses in New York City Defense-Rental Area. (8 Federal Register, p. 13910, eff. Nov. 1, 1943.) We construe the phrase to mean that the maximum rent which can be demanded or received (§ 2) is that rent or rate which as a matter of regular hotel practice was listed for the particular room, during the " freeze " period specified, by the hotel on a card at the desk and at which rate the hotel customarily

offered the room. We think "regularly offered" does not require proof of an "offer" in the legal sense, but that proof of maintenance of a rate on a listing card at the desk in regular hotel practice would ordinarily be sufficient. A listing on a card is not sufficient, however, if it appears to have been a mere formality and the rate listed was not customarily offered.

Where some variation of the above or a different method is claimed as coming within the phrase "regularly offered", such for example as that here, we adopt the view expressed in the brief of the Administrator as *amicus curiæ*, that what is asserted as "regularly offered" must be shown as a regularly offered rate in accordance with established hotel practices usually consisting of (1) a card posting in a room, or a "rack rate" listing at the desk bearing the rate customarily offered for the particular term, or (2) corroborative proof of a communicated offer or quotation, if the card listing appears to be a mere formality and the *bona fides* of the listing is in issue.

We think the above should be observed for general application, but that it is not inflexible. In giving effect to the purpose and remedy sought by statute or regulation, some variation may be required. Here it was claimed the room or apartment was of an unusual character and not such as would be card listed; but, being unique, a rate was agreed upon between manager and assistant manager, who alone were authorized to rent.

Confining the decision to the facts established, we think the evidence does not show a "regularly offered" rate within the provision of the Regulation and final order for the tenant was warranted.

Final order affirmed, with twenty-five dollars costs.

HAMMER, SHIENTAG and HECHT, JJ., concur.